**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4838**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

IKE DAVID SIMMONS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge. (5:14-cr-00007-BR-1)

---

Submitted: May 11, 2015                          Decided: May 22, 2015

---

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CUIRAM:

Ike David Simmons was sentenced to 600 months' imprisonment after pleading guilty to manufacturing child pornography, in violation of 18 U.S.C. § 2251(a), (d) (2012). On appeal, Simmons raises only one issue: whether the district court erred in failing to strike or redact Paragraph 29 of his Presentence Investigation Report ("PSR"). We dismiss the appeal.

Paragraph 29 of the PSR contains information concerning Simmons' history of psychosexual treatment. Simmons objected to the inclusion of this paragraph on the basis that it could be used in a future civil commitment certification hearing under the Adam Walsh Act, 18 U.S.C. § 4248 (2012). The district court overruled Simmons' objection, noting that the information in the paragraph "had no impact on the advisory guideline range."

On appeal, Simmons argues that he has a right to privacy in the information, and that the Government's interest in including the information fails to overcome this right. The Government contends that we should dismiss the appeal as unripe.

Ripeness is a threshold question of justiciability, arising out of the "case or controversy" language found in Article III. Scoggins v. Lee's Crossing Homeowners Ass'n, 718 F.3d 262, 269 (4th Cir. 2013). "The issue of ripeness entails an analysis considering the fitness of the issues before the court, as well

as the hardship that the parties will experience if the court withholds consideration of the dispute." Id. at 270. Ripeness is required to prevent the courts "from becoming entangled in 'abstract disagreements.'" Id. at 270 (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967)). A claim is unripe "'if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Scoggins, 718 F.3d at 270 (quoting Texas v. United States, 523 U.S. 296, 300 (1998)).

In United States v. Streich, 560 F.3d 926, 931 (9th Cir. 2009), the defendant also raised an objection to the inclusion of psychosexual treatment in the PSR on the basis that the information could be used in a future civil commitment proceeding. The Ninth Circuit noted that Streich did not challenge the use of the information at sentencing, nor did he challenge the other ways that the Bureau of Prisons might use the information. Id. The court classified the fear of civil commitment as "the classic example of a 'contingent future event' that 'may not happen at all'" and dismissed the appeal as unripe. Id. at 932.

Here, Simmons does not challenge the district court's use of the information at sentencing. Simmons' concern about the inclusion of Paragraph 29 regards the potential use of the

3

information at a possible future civil commitment hearing. As Simmons concedes, any such hearing would not occur for approximately 40 years. Moreover, Simmons will only face civil commitment if the Government decides to pursue civil commitment and meets its burden to prove by clear and convicting evidence that Simmons is sexually dangerous. 18 U.S.C. § 4248(d) (2012); cf. United States v. Legrano, 659 F.2d 17, 18 (4th Cir. 1981) (rejecting defendant's argument that district court erred in refusing to strike information from the PSR that might jeopardize defendant's chances in a future parole proceeding, noting that there were administrative avenues to challenge the PSR's contents). Thus, Simmons' claim is the type of "contingent future event" that falls within the ripeness doctrine.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED