UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:14-CR-0007-BR
No. 5:16-CV-849-BR

| | |
|---|---|
| IKE DAVID SIMMONS | ) |
| | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| UNITED STATES OF AMERICA | ) |
| | ) |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 53.) Although petitioner received notice of the motion and an opportunity to respond, (DE # 55), petitioner did not file a response to the government's motion.

In 2014, pursuant to a plea agreement, petitioner pled guilty to manufacturing child pornography in violation of 18 U.S.C. § 2251(a). Petitioner was sentenced to the statutory maximum term of imprisonment of 600 months. Petitioner appealed the court's ruling on one of his objections to the presentence report ("PSR"), and the Fourth Circuit Court of Appeals dismissed the appeal. (DE # 46.) Petitioner filed a petition for a writ of certiorari, which the Court denied on 5 October 2015.

Petitioner filed his § 2255 motion on 11 October 2016. (DE # 49.) In response, the government filed the instant motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government contends that petitioner has failed to state any claim entitling him to relief.

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to

relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Walker v. Kelly, 589 F.3d 127, 138-39 (4th Cir. 2009) (recognizing that the standards of Rule 12(b)(6) apply to the government's motion to dismiss a habeas corpus motion under 28 U.S.C. § 2254).

Petitioner asserts the following claims for relief: (1) his plea was not knowing and voluntary; (2) counsel was ineffective in failing object to the sadomasochistic and distribution sentencing guideline enhancements; and (3) counsel was ineffective for failing to present an argument at sentencing based on "the policy disagreement inherent in the sentencing guideline applied to" petitioner. (Mot., DE # 49, at 6.) The court considers these claims in turn.

Petitioner first contends that his plea was not knowing and voluntary because he did not know that the government was required to prove that the sexual acts in which he and the victim engaged were for the purpose of producing the images of those acts. He argues that his "intent in having sex with the victim was for the purpose of enjoying each other physically." (Mem., DE # 49, at 13.) He claims, had he been informed that the government had to prove the purpose of his sexual activity with the victim was to produce the images, he would not have pled guilty and would have proceeded to trial.

> The standard for determining whether a guilty plea is constitutionally valid is whether the plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *see Burket v. Angelone*, 208 F.3d 172, 190 (4th Cir. 2000). Such an evaluation requires the court to examine "the totality of the circumstances surrounding the guilty plea." *Burket*, 208 F.3d at 190. A defendant is bound by the representations he made in the plea colloquy, unless he presents clear and convincing evidence to the contrary. *See*

*Walton v. Angelone*, 321 F.3d 442, 462 (4th Cir. 2003).

United States v. Mattocks, 408 F. App'x 717, 718-19 (4th Cir. 2011).

One of the elements the government is required to prove to establish a violation of § 2251(a) is "production of a visual depiction was a purpose of engaging in the sexually explicit conduct." United States v. Palomino-Coronado, 805 F.3d 127, 130 (4th Cir. 2015) (citing 18 U.S.C. § 2251(a)). Petitioner's plea agreement sets forth that element. (DE # 25, at 3.) At his plea hearing, after having been duly sworn, petitioner testified that his signature appeared at the bottom of the plea agreement. (6/2/14 Tr., DE # 44, at 14.) He further testified that prior to signing it, he read the document and went over it with his counsel. (Id.) Petitioner acknowledged that he understood its contents. (Id.) The court summarized the terms of the plea agreement, which petitioner stated was fair and accurate. (Id. at 15-18.) The court asked petitioner,

> Did you, as charged in count one of this indictment, on or about July 2013, in this district, attempt to and did employ, use, persuade, induce, entice, and coerce a minor, whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct involving anal penetration, and these visual depictions were produced using materials that had been mailed, shipped and transported in interstate commerce?

(Id. at 18 (emphasis added).) Petitioner responded, "Yes, your honor." (Id.) Petitioner's testimony at the plea hearing, by which he is bound, see United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005), confirms that he was well aware of the nature of the charge to which he pled guilty, including its intent requirement, and that he freely and voluntarily entered his plea of guilty. Therefore, petitioner is not entitled to relief on his first claim.

Petitioner's two remaining claims allege ineffective assistance of counsel.

To establish a claim of ineffective assistance of counsel, a defendant must

3

> show (1) that "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." To satisfy the deficiency prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness." "Judicial scrutiny of counsel's performance must be highly deferential." There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "that, under the circumstances, the challenged action might be considered sound trial strategy."
>
> Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." There must be "a probability sufficient to undermine confidence in the outcome" of the trial. However, a defendant is not required to establish that "counsel's deficient conduct more likely than not altered the outcome of the case."

United States v. Rangel, 781 F.3d 736, 742 (4th Cir. 2015) (citations omitted).

Petitioner claims that counsel should have objected to the sadomasochistic and distribution sentencing guideline enhancements. Pursuant to U.S.S.G. § 2G2.1(b)(4), petitioner's offense level was increased four levels. That guideline applies "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.1(b)(4) (2013). According to petitioner, "nothing was forced" between the victim and him and "if at anytime there was any pain . . ., they either stopped or decided to try again in a way that would be painless." (Mem., DE # 49, at 15.) However, as set forth in the PSR, in one of the videos petitioner produced, the victim tells petitioner "to stop the sexual assault due to pain and discomfort. In spite of the Victim's protests, [petitioner] told her to 'relax' and continued to digitally penetrate her vagina." (DE # 31, ¶ 6.) Such conduct is sufficient to qualify as sadistic under the guideline. See United States v. Johnson, No. 16-4005, 2017 WL 775856, at *3 (4th Cir. Feb. 28, 2017) ("Courts have defined sadistic conduct as acts involving infliction of pain upon a love object as a means of obtaining sexual release, delight in physical or mental cruelty, or excessive cruelty. Sadistic conduct is not limited to activity

4

involving a rope, belt, whip, chains, or other instruments . . . ." (citations, internal quotation marks, and alterations omitted); United States v. Corp, 668 F.3d 379, 389-90 (6th Cir. 2012) ("In sum, we hold that in order to apply the § 2G2.1(b)(4) enhancement, a sentencing court must determine by a preponderance of the evidence that an image or material (1) depicts sexual activity involving a minor and (2) portrays conduct that would cause an objective viewer to believe—without regard to the undepicted circumstances of the sexual encounter—that the pictured activity is inflicting physical pain, emotional suffering, or humiliation on that minor."). Therefore, counsel did not act deficiently in failing to object to the sadistic/masochistic sentencing guideline enhancement.

Petitioner also takes issue with counsel's failure to challenge the application of the sentencing guideline enhancement for distribution. Under U.S.S.G. § 2G2.1(b)(3), petitioner's offense level was increased two levels because the offense involved distribution. "Distribution" under this guideline is defined as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." U.S.S.G. § 2G2.1(b)(3) comment. (n.1) (2013). Petitioner contends that counsel incorrectly informed him that the automatic transfer of images from his cell phone to his computer constituted distribution for purposes of the guideline enhancement. Irrespective of the accuracy of that advice, law enforcement investigation, as recounted in the PSR, revealed "agents recovered a screen shot/picture of a Netstranger.com chat between [petitioner] and an unknown male. . . . Recovered chat conversations between [petitioner] and the unknown male confirmed that they communicated through chats while the unknown male viewed [petitioner] molesting the victim." (DE # 31, ¶ 7.) That act of

5

petitioner allowing the third party to view images of petitioner sexually exploiting the victim constitutes distribution under § 2G2.1(b)(3). See United States v. Hecht, 470 F.3d 177, 182-83 (4th Cir. 2006) (interpreting "distribution" under U.S.S.G. § 2G2.2 (2003) broadly and recognizing that "[w]hether the images are sent over the internet attached to an e-mail or sent over the internet via a web camera, the sender has engaged in an act 'related to the transfer' of the images"). As such, there was no basis for counsel to object to the distribution enhancement, and she did not act deficiently in this regard.

Finally, petitioner claims that counsel was ineffective for failing to advocate for a lower sentence based on a policy disagreement "inherent" in the guidelines. As the Fourth Circuit Court of Appeals has recognized,

> while it is true that a district court may vary from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines, *Kimbrough v. United States*, 552 U.S. 85, 101, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), it is equally true that a district court is not required to do so. *See United States v. Munjak*, 669 F.3d 906, 907 (8th Cir. 2012) ("That a district judge now may be permitted to deviate from the guidelines based on a policy disagreement with the Sentencing Commission, however, does not mean that the judge is required to do so."); *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) ("[D]istrict courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them."); *United States v. Mondragon–Santiago*, 564 F.3d 357, 367 (5th Cir. 2009) ("In appropriate cases, district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly. But if they do not, we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based."); *United States v. Wilken*, 498 F.3d 1160, 1172 (10th Cir. 2007) (noting that "a sentence is not rendered unreasonable merely because of a district court's refusal to deviate from the advisory [G]uideline range based on disagreements with the policies underlying a particular Guideline provision.") (citation and internal quotation marks omitted).

United States v. Brunson, 482 F. App'x 811, 821 (4th Cir. 2012).

Given the court's discretion in this area and the facts of this case, there is no reasonable

6

probability that even if counsel had suggested that the court vary from the guideline range based on a policy disagreement petitioner's sentence would have been lower. At sentencing, the court recognized that the nature and characteristics of the offense are "about as bad as you can get." (11/3/14 Tr., DE # 45, at 16.) In considering the need for the sentence imposed to reflect the seriousness of the offense and to provide just punishment, the court stated, "I can't imagine a range of sentence that I would consider too severe, unless it would be the death penalty, for him." (Id. at 17.) In considering the need for the sentence imposed to protect the public from further crimes of petitioner, the court concluded, "That, my friends, in this particular case is the key. This defendant has shown -- he just got out of -- hadn't been too long getting out of custody for the offense that I referred to earlier[, i.e., petitioner's prior conviction for possession of child pornography, possession of obscene material, carnal knowledge with a child under 16, and sodomy with a child under 16,] and he married this young lady's mother and immediately started this terrible conduct with her, and he admits it." (Id. at 18.) The court imposed a sentence at the top of the applicable guideline imprisonment range, the statutory maximum. Because there is no reasonable probability that petitioner would have received a lower sentence had counsel requested a variance from the guideline range based on a policy disagreement, petitioner did not suffer any prejudice.

Petitioner has failed to state any claim entitling him to relief. The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255

Proceedings, a certificate of appealability is DENIED.

This 19 April 2017.

                                                                /s/ W. Earl Britt
                                                                W. Earl Britt
                                                                Senior U.S. District Judge